## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHARLES ASBURY, individually and on behalf of all others similarly situated, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Case No: |
| DUHADWAY, KENDALL & ASSOCIATES, INC., d/b/a DK SECURITY, | Hon. |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Charles Asbury ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective and Class Action against Duhadway, Kendall & Associates, Inc., d/b/a DK Security ("Defendant") to recover unpaid wages, liquidated damages, interest, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. and the common law. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters:

1

## JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2.    Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3.    Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.  Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4.    A private party may also bring an action for damages for unjust enrichment under the common law.  Plaintiff's unjust enrichment claims originate from the same facts that form the basis of their federal claims.  Thus, the Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. §1367.

5.    Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

## PARTIES

6.    Plaintiff is an adult resident of Flint, Michigan and was employed by Defendant from approximately December 10, 2021 through the present. Plaintiff's consent to joint form is attached as **Exhibit A**.

7.    Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

8.    Defendant, Duhadway, Kendall & Associates, Inc., d/b/a DK Security is a Michigan corporation.

9.    Defendant's registered agent for purposes of service is John R. Kendall III, 5160 Falconview Ave S.E., Grand Rapids, MI 49512.

## STATEMENT OF FACTS

10.    Plaintiff worked for Defendant from approximately December 10, 2021 through the present as a non-exempt, hourly employee.

11.    Plaintiff worked for Defendant at various locations across Southeast Michigan.

12.    Plaintiff's most recent base hourly rate of pay was $16.75.

13.    In addition to the base rate of pay, Defendant incorporated various routine and non-discretionary bonuses into its payment structure. For example, Defendant promised its hourly employees various rates of pay and other forms of

remuneration.

14.    Throughout Plaintiff's employment with Defendant, Plaintiff earned different rates of pay for each of the various worksites to which he was assigned.

15.    Further, Plaintiff was entitled to and received, various routine and non-discretionary bonuses in addition to his base hourly rate.

16.    As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

## The Regular Rate of Pay

17.    Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).  It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

18.    No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated.  29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

19.    Defendant's shift differentials and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

20.    There is a statutory presumption that remuneration in any form must be included in the regular rate calculation.  Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

21.    Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

22.    Plaintiff's "total remuneration" included not only his base hourly pay, but also any shift differentials. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments

such as bonuses or shift differentials which are not included in the computation of the established basic rate….”; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and “such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.”).

23.     However, Defendant failed to incorporate all rates of pay and non-discretionary bonuses into its hourly employees’ regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

24.     Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

25.     Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include all rates of pay and non-discretionary bonuses as required by the FLSA.

26.     For example, Plaintiff’s pay stub for the pay period 9/18/2022 through 10/1/2022 shows 105.25 hours of work, various base hourly rates of $13.75, $18.00, and $19.50, however, overtime was paid at the rate of $20.625 (1.5 times the lowest rate). Thus, Plaintiff’s overtime rate did not account for the various rates of pay and, therefore, violated the FLSA.

6

27.     Defendant also paid Plaintiff, and its other hourly employees, additional non-discretionary remuneration, including bonuses, which Defendant also failed to include in the regular rate calculation.

28.     To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

29.     In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (flsa), 1985 WL 304329 at 3 (1985).

**Time Rounding**

30.     Generally, employers may record employees' starting or stopping times to the nearest five minutes or to the nearest one-tenth or quarter of an hour. 29 C.F.R. § 785.48(b).   The regulations provide these rounding practices may be used presuming the arrangement averages out so the employees are fully compensated for all the time they actually work. *Id*.

7

31.     However, an employer's policy of rounding off is permissible only if the rounding occurs so employees are not disadvantaged over time. 29 C.F.R. § 785.48.    Rounding off practices that result in significant discrepancies in recordkeeping or in a failure to compensate employees for time actually worked are improper. *Id.*

32.     At all relevant times, through the use of a computer software system, Defendant recorded its hourly employees' time-clock punches on a daily basis.

33.     Throughout his employment with Defendant, Plaintiff punched in through Defendant's time-clock system at the beginning of his shifts and punched out at the end of his shifts.

34.     Defendant maintains an unlawful rounding policy which rounds employee punch-in and punch-out times in a way that inured to Defendant's benefit. As a result, Defendant failed to pay Plaintiff for all time worked.

35.     Defendant's violations are apparent on the face of Plaintiff's earnings statements. For example, Plaintiff's October 7, 2022 earnings statement plainly demonstrates Defendant's unlawful policy and practice: on September 20, 2022, Plaintiff worked 2 hours and 18 minutes, but Defendant only paid him for 2 hours and 15 minutes.

36.     Plaintiff's earnings statements from his employment with Defendant are replete with similar examples of the company's unlawful time-rounding

8

practices.

37.    In each workweek where Plaintiff worked forty (40) hours or more, the rounding policy results in an unlawful deprivation of overtime wages, as provided by the FLSA.

38.    In each workweek where Plaintiff worked less than forty (40) hours, the rounding policy results in an unlawful deprivation of straight-time wages (i.e., gap time).

39.    Upon information and belief, the FLSA violations evidenced in Plaintiff's earnings statements were committed against every hourly employee in every workweek.

40.    Defendant's time-rounding practices almost invariably inured to its benefit.

41.    Defendant's time-rounding practices were intended to systematically underpay all of its hourly employees, and Defendant was unjustly enriched as a result.

42.    Defendant's policy and practice of rounding Plaintiff's punch-in and punch-out times resulted in a substantial amount of uncompensated work over the past three years.

43.    Defendant knew or should have known that all of Plaintiff's hourly work was compensable under the FLSA. Likewise, Defendant knew or should have

known that its rounding policies and practices violated the FLSA.

44.   As a matter of common business policy, Defendant failed to pay Plaintiff and the putative Collective members for all work performed as set forth in this Complaint.  They were not paid their promised hourly wage for all work performed, and they were not paid overtime, as required by the FLSA, in weeks in which they worked more than forty hours.

45.   As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.   Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked for Defendant at any time in the past three years.

47.   Plaintiff and putative Collective members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the shift differential pay, but such pay was not calculated as part of their regular rate as required by the FLSA. Further, Plaintiff and putative Collective members all had their time improperly rounded, resulting in underpayment of wages.

10

48.     Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner.

49.     Resolution of this action requires inquiry into common facts.

50.     These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

51.     Court-authorized notice of this case pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

52.     Upon information and belief, there are thousands of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of Court-authorized notice of this lawsuit and the opportunity to join it.

## **RULE 23 CLASS ACTION ALLEGATIONS**

53.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and

(b)(3) on behalf of himself and on behalf of:

> *All current and former hourly employees who worked for Defendant at any time during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Class").  Plaintiff reserves the right to amend this definition if necessary.

54.     The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical.  Plaintiff reasonably estimates there are thousands of Rule 23 Class members.  Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

55.     There is a well-defined community of interests among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.  These common legal and factual questions, include, but are not limited to, the following: whether Defendant's non-payment of wages for all compensable time unjustly enriched Defendant.

56.     Plaintiff's claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are

based on the same legal theories as all other Rule 23 Class members.

57.     Plaintiff will fully and adequately protect the interests of the Rule 23 Class and he retained counsel who are qualified and experienced in the prosecution of wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

58.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

59.     This case will be manageable as a Rule 23 Class action.  Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

60.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

61.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

62.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63.     Defendant is an employer within the meaning of 29 U.S.C § 203(d).

64.     Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

65.     The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's various base rates of pay and non-discretionary bonuses do not fall into any of those exceptions.

66.     Defendant failed to include all rates of pay and non-discretionary bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates.

29 U.S.C § 207(a).

67.     At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

68.     Defendant maintained an unlawful time-rounding policy that did not comply with 29 C.F.R. § 785.48(b) because the policy did not "average out so that the employees [we]re fully compensated for all the time they actually work," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they have actually worked." *Id*.

69.     As a result of Defendant's unlawful time-rounding policy, in workweeks that the Plaintiff and other employees worked more than forty (40) hours, they were deprived of overtime wages in violation of the FLSA.

70.     As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

15

71.     Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

72.     Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## COUNT II
### (Rule 23 Class Action)
### UNJUST ENRICHMENT

73.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

74.     At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 Class member a pre-established hourly rate in consideration of the work duties they performed on behalf of Defendant.

75.     Upon information and belief, each Rule 23 Class member, including Plaintiff, was paid a base hourly rate.

16

76.    Plaintiff and every other Rule 23 Class member relied upon Defendant's promise for the pre-established hourly rate and performed by doing their jobs and carrying out the work they performed.

77.    By not paying Plaintiff and every other Rule 23 Class member the promised base hourly wage for the work they performed each shift in connection with the off-the-clock work they performed, Defendant was unjustly enriched.

78.    Plaintiff and the Rule 23 Class members performed off-the-clock work tasks at the request of and without objection by Defendant.

79.    Defendant received and accepted the above-referenced off-the-clock work services from Plaintiff and every other Rule 23 Class member and enjoyed the benefits derived therefrom.

80.    Upon information and belief, Defendant used the monies owed to Plaintiff and every other Rule 23 Class member to finance their various business expenditures.

81.    Defendant was unjustly enriched by the retention of monies received pursuant to the sales and services Plaintiff and the Rule 23 Class procured on behalf of Defendant, without having compensated Plaintiff for the same.

82.    Plaintiff and the Rule 23 Class suffered detriment as a result of Defendant's failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the Rule 23 Class were deprived of the ability to utilize that time,

effort and their resources in a profitable manner.

83.     As a direct and proximate result of Defendant's actions, Plaintiff and every other Rule 23 Class member have suffered damages, including, but not limited to, loss of wages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a.     Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate.

b.     An Order certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's unjust enrichment claim (Count II);

c.     An Order designating Plaintiff as representative of the FLSA Collective and the Rule 23 Class; and undersigned counsel as Class counsel for the same;

d.     A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

e.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

f.     A declaratory judgment that Defendant was unjustly enriched by failing to pay Plaintiff and the Rule 23 Class for each non-overtime hour they worked at a pre-established base hourly rate;

g.    A monetary judgment awarding full back pay and an equal amount in liquidated damages;

h.    An award of pre-judgment and post-judgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

j.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: October 24, 2023                    Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, P.C.**
1 Towne Sq., 17th Floor
Southfield, Michigan 48375
(248) 355-0300
aasciutto@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)

**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff and the Proposed
Collective*